Citation Nr: 1761232 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 12-07 513 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

D. Abdelbary, Associate Counsel


INTRODUCTION


The Veteran served on active duty from January 1969 to November 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa. 

In October 2014 and June 2017, this appeal was remanded for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that as a result of his in-service noise exposure, he suffers from bilateral hearing loss. Specifically, the Veteran contends that he was exposed to artillery, tanks, howitzers, and small arms fire while on military active duty. Additionally, the Veteran denies any post-service occupational noise or recreational noise exposure. 

The Board notes that the Veteran's treatment records reflect that he does meet the requirements for bilateral hearing loss pursuant to VA regulations. See 38 C.F.R. § 3.385. Notably, in a June 2012 rating decision, which granted entitlement to service connection for tinnitus, the RO conceded in-service noise exposure based on the Veteran's military occupational specialty (MOS) of a Field Artillery Repairman. This grant of benefits was based on the Veteran's May 2012 VA examination report, in which the VA examiner opined that it is at least as likely as not that at least a portion of the Veteran's tinnitus is a result of noise exposure during his military service. 

In its June 2017 remand, the Board remanded this case because the December 2014 VA examiner did not consider the lay evidence, as specifically required by the Board's October 2014 remand. Furthermore, in its June 2017 remand, the Board specifically requested that, in addition to discussing the lay evidence, which includes the Veteran's lay statements as well as several buddy statements, the VA examiner was directed to consider the Veteran's MOS as a Field Artillery Repairman and his service-connected tinnitus, which is based on in-service noise exposure. 

In June 2017, the VA audiologist provided an addendum medical opinion, in which the VA audiologist opined that the Veteran's bilateral hearing loss was less likely than not related to his military service. The rationale was that the Veteran's hearing was normal at enlistment without any auditory threshold shift (loss of hearing) during his military service, and that his hearing was normal at separation from service.

Upon review of the requested medical opinion provided in June 2017, again the Board finds the opinion does not comply with the remand directives because the VA examiner did not discuss the Veteran's lay statements and buddy statements, did not specifically discuss the Veteran's noise-exposure based on his MOS, and did not discuss the Veteran's service-connected tinnitus, which is based on in-service noise exposure, as requested in the June 2017 remand. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Additionally, the Board notes that even though disabling hearing loss may not have been demonstrated at separation, a Veteran may nevertheless establish service connection for a current hearing disability by submitting evidence that the current hearing disability is related to service. Hensley v. Brown, 5 Vet. App. 155 (1993). The threshold for normal hearing is from zero to 20 decibels and higher threshold levels indicate some degree of hearing loss. Id (citing Current Medical Diagnosis & Treatment, Stephen A. Schroeder, et. al. eds., at 110-11 (1988)). Thus, an opinion based solely on the lack of hearing loss on separation is inadequate. Barr v. Nicholson, 21 Vet. App. 303, 311-312 (2007).

Given such, a remand is warranted to obtain an addendum opinion. 

Accordingly, the case is REMANDED for the following action:

1. Obtain an additional medical opinion from a qualified examiner for the Veteran's bilateral hearing loss. If possible, the examiner should be an otolaryngologist, but if one is not available, please note this. The Veteran's entire claims file, to include a copy of this REMAND, must be provided to the VA examiner. 

The examiner should assume that the Veteran was in fact exposed to acoustic trauma during active service. All tests and studies deemed appropriate by the examiner must be conducted. After performing any required test, if necessary, and reviewing the entire record, the examiner should provide an opinion responding to the following question:

Whether it is at least as likely as not (50 percent or higher degree of probability) that any current bilateral hearing loss is related to acoustic trauma during active service?

In offering this opinion, the examiner MUST ACKNOWLEDGE AND DISCUSS THE VETERAN'S LAY REPORTS AS TO THE ONSET OF HIS HEARING PROBLEMS. S/HE should outline that history in the report. 

The examiner must consider the Veteran's contention that, while on active duty, he did not wear any hearing protection while being exposed to loud noises, but that after service, he had neither occupational or recreational exposure to loud noises, as reported in the June 2009 VA examination. 

The opinion must include discussion of the Veteran's history of problems hearing for a lengthy period of time and lack of post-service occupational and recreational noise exposure, buddy statements regarding observations of the Veteran's hearing, and service-connected tinnitus based on in-service noise exposure. 

The absence of evidence of treatment for hearing loss in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. If the examiner rejects the Veteran's reports of symptomatology, a reason for doing so must be provided.

A complete rationale for any opinion expressed must be provided. If an opinion cannot be expressed without resort to speculation, discuss why this is the case. In this regard, indicate whether the inability to provide a definitive opinion is due to a need for further information or because the limits of medical knowledge have been exhausted or because of some other reason.

2. When the development requested has been completed, the case should be readjudicated by the AOJ. If any benefit sought is not granted in full, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).






_________________________________________________
YVETTE R. WHITE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).